UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LUIS ZAMORA AND EMILY ZOMORA, ON BEHALF OF S.Z., A MINOR CHILD,　　　§§§§§ *Plaintiffs*　§ v.　§ HAYS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,　§§§§§ *Defendant*　§ | CIVIL NO. 1:19-CV-1087-SH |

## ORDER

Before the Court are Defendant Hays Consolidated Independent School District's ("HCISD") Motion to Limit the Scope of Trial (Dkt. 29), filed October 13, 2020, and Plaintiffs' Response, filed October 19, 2020 (Dkt. 32).

On November 8, 2019, Plaintiffs Luis Zamora and Emily Zamora, parents of former HCISD student S.Z., filed this suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and Title II of the Americans With Disabilities Act ("ADA"), 42 USC § 12132. Plaintiffs appeal the decision of a Special Education Hearing Officer ("SEHO"), who found as a matter of law that HCISD did not violate its "Child Find" responsibilities under the IDEA and did not deny S.Z. a Free Appropriate Public Education ("FAPE"). Jury trial is scheduled to commence on August 9, 2021.

In its Motion, HCISD seeks to limit the scope of the trial "to a review of the administrative record without additional evidence." Dkt. 29 at 4. HCISD argues that Plaintiffs should not be allowed to offer additional evidence in this lawsuit that was not presented at the due process hearing. The Court disagrees.

Under the IDEA, a party may bring a civil action challenging the decision of a Special Education Hearing Officer within 90 days of the SEHO's decision. 20 U.S.C. § 1415(i)(2)(A)-(B). In such actions, the district court: "(i) shall receive the records of the administrative proceedings; (ii) *shall hear additional evidence at the request of a party*; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." *Id.* at § 1415(i)(2)(C) (emphasis added). Therefore, when a federal district court reviews a state hearing officer's decision in an impartial due process hearing under the IDEA, such as in this case, "the court must receive the record of the administrative proceedings and is then required to take additional evidence at the request of any party." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 252 (5th Cir. 1997); *see also A.A. v. Northside Indep. Sch. Dist.*, 951 F.3d 678, 689 (5th Cir. 2020) ("A federal district court's review of an impartial due process hearing under the IDEA includes its review of the record of the administrative proceedings and review of additional evidence at the request of any party."). As the Fifth Circuit has explained:

> Although the district court must accord "due weight" to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence. Accordingly, the district court's "review" of a hearing officer's decision is "virtually de novo." Indeed, given its adducing of new evidence, even evidence of matters that have occurred since the administrative hearing under review, the district court proceeding under the IDEA is a hybrid, akin to a "trial de novo."

*Michael F.*, 118 F.3d at 252 (citations omitted); *see also A.A.*, 951 F.3d at 689 (same). "The determination of what is 'additional' evidence must be left to the discretion of the trial court." *E. R. by E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763 (5th Cir. 2018) (quoting *Town of Burlington v. Dep't of Educ. for Mass.*, 736 F.2d 773, 790 (1st Cir. 1984)).

Based on the statute and Fifth Circuit law, the Court is not limited to the administrative record and must accept additional evidence from either party. *See A.L. v. Alamo Heights Indep. Sch. Dist.*,

No. SA-16-CV-00307-RCL, 2018 WL 4955220, at *5 (W.D. Tex. Oct. 12, 2018) ("Courts in this district and other circuits have explicitly stated that this provision allows a party to fill 'gaps in the administrative transcript owing to . . . an improper exclusion of evidence by the administrative agency[.]'") (quoting *Marc V. v. North East Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 587 (W.D. Tex. 2006)); *Caldwell Indep. Sch. Dist. v. L.P.*, 994 F. Supp. 2d 811, 816 (W.D. Tex. 2012) (considering post-hearing reports as relevant supplements to the administrative record, noting that under Fifth Circuit law "courts have little discretion to reject additional evidence"), *aff'd*, 551 F. App'x 140 (5th Cir. 2014).

HCISD's Motion to Limit the Scope of Trial (Dkt. 29) is **DENIED**.[1]

**SIGNED** on October 26, 2020.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　SUSAN HIGHTOWER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Because there is no dispositive motion pending, HCISD's request to consider the IDEA claims before the ADA and Rehabilitation Act claims is premature. *See* Dkt. 29 at 9.