UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUIS ZAMORA AND EMILY ZOMORA, ON BEHALF OF S.Z., A MINOR CHILD, | § § § § | |
| *Plaintiffs* | § § | CIVIL NO. 1:19-CV-1087-SH |
| v. | § § | |
| HAYS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, | § § § § § | |
| *Defendant* | § | |

**ORDER**

Before the Court are Defendant Hays Consolidated Independent School District's ("HCISD" or "Defendant") Motion to Exclude Plaintiffs' Rebuttal Experts (Dkt. 34), filed October 26, 2020, and Plaintiffs' Response, filed November 2, 2020 (Dkt. 36).

On November 8, 2019, Plaintiffs Luis Zamora and Emily Zamora, parents of former HCISD student S.Z., filed this suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and Title II of the Americans With Disabilities Act ("ADA"), 42 USC § 12132. Plaintiffs appeal the decision of a Special Education Hearing Officer ("SEHO"), who found as a matter of law that HCISD did not violate its "Child Find" responsibilities under the IDEA and did not deny S.Z. a Free Appropriate Public Education ("FAPE"). Jury trial is scheduled to commence on August 9, 2021.

The Amended Scheduling Order ("Scheduling Order") provides, in relevant part, the following:

> Parties resisting claims for relief shall **FILE** their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before August 31, 2020. All designations of rebuttal experts shall be **FILED**, and the materials required by FED. R. CIV. P. 26(a)(2)(B) for such rebuttal

>experts, to the extent not already served, shall be **SERVED**, within fifteen (15) days of receipt of the report of the opposing expert.

Dkt. 23 at 1.

In accordance with the Scheduling Order, Defendant filed its Designation of Expert Witnesses on September 30, 2015 (Dkt. 26), and Plaintiffs filed their Designation of Rebuttal Experts on October 15, 2020 (Dkt. 31). Defendant now seeks to exclude Plaintiffs' Rebuttal Expert Bonnie Garza.

Defendant first argues that Garza should be excluded because Plaintiffs served the Designation of Rebuttal Experts on defense counsel electronically, but the parties do not have an agreement to serve by electronic means other than the electronic service of documents filed with the Court. Dkt. 34 at 2-3. Defendant does not dispute that it received the Designation of Rebuttal Experts by the deadline in the Amended Scheduling Order. The Scheduling Order requires that designations of rebuttal experts shall be filed and the materials required by Fed. R. Civ. P. 26(a)(2)(B) served "to the extent not already served." Dkt. 23 at 1. Plaintiffs served their designation on Defendant on October 5, 2020. *See* Dkt. 27-4 at 25-31. Based on the foregoing, Defendant fails to demonstrate that it was prejudiced in any way by the electronic service of the rebuttal expert designation. Therefore, its objection is without merit.

Defendant next argues that Garza should be excluded as a rebuttal witness because her opinions would constitute improper additional evidence beyond the administrative record. The Court addressed and rejected this argument in the Order denying Defendant's Motion to Limit the Scope of the Trial. *See* Dkt. 35.

Finally, Defendant argues that Garza should be excluded under Federal Rules of Evidence 403 and 702 because her opinions offer nothing more than legal conclusions, are not based on sufficient facts or data, and are not the product of reliable principles or methods. The Court finds that all of

Defendant's objections to Garza's testimony can be addressed at trial. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 596 (1993).

Based on the forgoing, Defendant's Motion to Exclude Plaintiffs' Rebuttal Experts (Dkt. 34) is **DENIED**.

**SIGNED** on November 5, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE